# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 12, 2010

Charles R. Fulbruge III
Clerk

No. 09-50470
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NEMECIO MARTINEZ-LEDESMA, also known as Ignacio Salinas-Ledesma, also known as Macario Gonzalez-Martinez, also known as Ignacio Salinas L., also known as Ignacio Salinas, also known as Raul Martinez-Lederma, also known as Ignacio Salinas Ledezma, also known as Raul Martinez Ledezma, also known as Raul Martinez Ledezman, also known as Ledesma I. Salinas, also known as Nemecio Ledezma Martinez, also known as Nemecio Martinez L., also known as Jose Maria Flores-Ledezma, also known as Jose Flores,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-307-1

Before GARZA, DENNIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Nemecio Martinez-Ledesma (Martinez) pleaded guilty to illegal reentry after removal. *See* 8 U.S.C. § 1326. He now appeals his within-guidelines sentence of 37 months. Martinez contends that his sentence was greater than

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

necessary to satisfy the sentencing goals set forth in 18 U.S.C. § 3553(a) and was therefore unreasonable. Specifically, Martinez argues that the guidelines range was too severe because United States Sentencing Guideline § 2L1.2 was not empirically based and gave excessive weight to his criminal history and to prior convictions more than 15 years old. He also argues that the guidelines range failed to account for his age and the decrease in recidivism that accompanies aging. He contends that the presumption of reasonableness applicable to within-guidelines sentences should not be applied in this case.

"A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008). Because Martinez did not object in the district court to the reasonableness of his sentence, review is for plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009).

This court has consistently rejected Martinez's "empirical data" argument. *See United States v. Duarte*, 569 F.3d 528, 529-30 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009). The district court considered Martinez's request for a downward variance, and it ultimately determined that a sentence at the bottom of the applicable guidelines range was appropriate based on the circumstances of the case and the § 3553(a) factors. Martinez's assertions regarding § 2L1.2's lack of an empirical basis, the age of his last conviction, the nonviolent nature of his offense, and his age are insufficient to rebut the presumption of reasonableness. *See Campos-Maldonado*, 531 F.3d at 338. As Martinez has not demonstrated that the district court's imposition of a sentence at the bottom of the guidelines range was plain error, the district court's judgment is AFFIRMED.